## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

LACY STEVENS,

     Plaintiff,

vs.                       Civil Action No.: _18 -C -551_

AMAZON.COM. INC., AMZN WVCS, LLC
and DANIEL LEWIS, individually,

     Defendants.

### COMPLAINT

1.     Plaintiff is an individual residing in Boyd County, Ohio.

2.     Defendant, Amazon.com, Inc. (Amazon) is a foreign corporation not authorized to do business in West Virginia, with a principal address of 410 Terry Avenue N., Seattle, WA 98109-5210 and owns and/or operates a call center located at 500 Kinetic Drive, Huntington, Cabell County, West Virginia.

3.     Defendant, AMZN WVCS, LLC (Amazon) is a foreign limited liability company authorized to do business in West Virginia, with a principal address of 673 10th Street, Huntington, Cabell County, West Virginia and owns and/or operates a call center located at 500 Kinetic Drive, Huntington, Cabell County, West Virginia.

4.     Defendant, Daniel Lewis, is an individual residing at Cabell County, West Virginia.

5.     The amount in controversy is within the jurisdictional limits of the Court.

### FACTUAL BACKGROUND

6.     Plaintiff began working for Amazon in or about September 12, 2016. At all times relevant to this suit, Plaintiff was acting in the scope of her employment for Amazon. Mr. Lewis was in a supervisory role over Plaintiff at all relevant times herein.

7.     Beginning in 2016, the Plaintiff and Mr. Lewis entered into a consensual relationship wherein Mr. Lewis created a "quid pro quo" working environment in that the Plaintiff's working environment was excellent as long as she complied with Mr. Lewis's advances.

8.     In or about August 2017, Plaintiff made Mr. Lewis aware that she had found out that he

1

was married, that she no longer approved of his conduct and of her unwillingness to submit to his unwanted sexual advances, but Mr. Lewis continued to act in the same manner. When the Plaintiff refused Mr. Lewis' advances and objected to the sexual comments, the work environment deteriorated and the working environment became so hostile as to be unbearable. As a direct result of the Plaintiff's rejection of Mr. Lewis' amorous and sexual advances, the Plaintiff was subjected to harassing and demeaning conduct which created a hostile work environment.

9.      From on or about August 2017, until the Plaintiff reported Mr. Lewis' conduct in or about June of 2018 to Amazon, Mr. Lewis retaliated for Plaintiff's refusal to comply with his sexual advances and her objections to sexual comments by harassing and intimidating the Plaintiff, removing her from assignments and teams on which she had previously been assigned and successfully completed.

10.      Prior to her rejection of Mr. Lewis' sexual advances, the Plaintiff received good job performance reviews from Mr. Lewis and was given assignments and promotions. Following the Plaintiff's rejection of Mr. Lewis' advances and reporting of his conduct to Amazon and even after Mr. Lewis was terminated, her job performance reviews by Amazon employees changed drastically, inaccurately reflecting less than acceptable performance, for the sole purpose of tarnishing Plaintiff's job performance record so as to justify a termination of her employment and adversely affect her ability to obtain another position. In addition, Mr. Lewis replaced the Plaintiff on some assignments and teams that she had been given.

11.      Plaintiff reported the sexually-charged hostile and unbearable working conditions to Amazon on or about June 26, 2018 and Mr. Lewis was terminated on July 12, 2018.

12.      Prior to and following Mr. Lewis termination on July 12, 2018, employees of Amazon, including supervisors, continued to create a hostile work environment as a result of her reporting Mr. Lewis' sexual harassment by reprimanding her from removing Mr. Lewis' new work girlfriend off her team because of the harassment she was receiving from the Mr. Lewis' new work girlfriend, damaging her vehicle that was parked in Amazon's parking lot, criticizing her work performance and generally making it impossible for the Plaintiff to perform her job.

13.      As a result of these working conditions, the Plaintiff suffered extreme emotional and psychological distress, to the point that she was forced to seek medical attention for anxiety. The

2

Plaintiff's treating physician recommended that the Plaintiff work from home in order to not be subjected to the hostile work environment created at her work place.

14.     The Plaintiff was initially approved by Amazon to work from home, but prior to the transfer, the Plaintiff was informed that she was not approved to work from home and was then placed on medical leave, that was not requested by the Plaintiff.

15.     When the Plaintiff attempted to return to work at Amazon, her badge no longer worked and she was not allowed in the facility. Once she was finally allowed to return to work, Amazon continually paid her late and paid her the wrong amounts.

16.     The Plaintiff contacted Employee Resource Center for Amazon in an attempt to correct the error in the amounts paid the Plaintiff. As an alleged result of this contact, the Plaintiff was terminated on August 27, 2018. However, the Plaintiff's termination was in retaliation for her reporting the actions of Mr. Lewis and reporting the actions of other Amazon employees, which actions occurred both before Mr. Lewis was terminated and after his termination.

## COUNT ONE

1.     Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Paragraphs 1 through 16 of this Complaint, as if specifically set forth herein.

2.     The facts previously set out give rise to a cause for discrimination as set forth in West Virginia Code §5-11-1, *et. seq.* as well as Rule 77-4-2 and 3 of the West Virginia Code of State Rules. According to §5-11-1, *et. seq.*, it is unlawful for an employer to discriminate against an employee on the basis of gender, or to otherwise create a hostile work environment on the basis of sex. These prohibitions include the creation of a "quid pro quo" working environment, and an actively hostile, demeaning work environment such as that described herein. Pursuant to Rule 77-4-3, Amazon is directly responsible for the conduct of the Plaintiff's supervisor, who was Mr. Lewis.

3.     Defendants jointly discriminated against Plaintiff on the basis of sex and condoned sexual harassment in the work place by creating and mandating that she work in a sexually hostile work environment. Amazon overlooked hazards to Plaintiff's health by refusing to alter or intervene in the work environment after it was advised of the hostile conditions and by ignoring the restrictions on return to work

3

placed by Plaintiff's treating physician, demanding instead that she return to her previous workplace or to take a leave of absence.

## COUNT TWO

1.     Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Paragraphs 1 through 18 of this Complaint, as if specifically set forth herein.

2.     The facts previously set out give rise to a cause of action for intentional infliction of emotional distress because Mr. Lewis' conduct was extreme and outrageous as those terms are understood and defined by the laws of the State of West Virginia. Mr. Lewis' conduct toward Plaintiff was intentional and/or reckless.   Amazon's conduct in allowing this gender-based hostile environment to exist was intentional and/or reckless. The Defendants' conduct proximately caused the Plaintiff to suffer severe emotional distress which required extensive medical treatment.

3.     Defendants' conduct proximately caused the Plaintiff to suffer severe emotional distress, mental anguish, indignation, wounded pride, shame and despair, for which the Plaintiff has incurred medical expenses in an amount that is not ascertainable at this time and will incur medical expenses in the future that are not ascertainable at this time.   In addition to these injuries, Defendants' conduct has proximately caused Plaintiff to suffer pecuniary losses and lost employment opportunities in amounts not ascertainable at this time.

## COUNT THREE

1.     Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Paragraphs 1 through 18 of this Complaint, Count One and Count Two, as if specifically set forth herein.

2.     The facts set out previously give rise to a cause of action for negligent supervision because Amazon was negligent in its supervision of the Plaintiff's supervisor, Mr. Lewis.   Amazon's negligence proximately caused Plaintiff's injuries.

3.     Defendants' conduct proximately caused the Plaintiff to suffer severe emotional distress,

4

mental anguish, indignation, wounded pride, shame and despair, for which the Plaintiff has incurred medical expenses in an amount that is not ascertainable at this time and will incur medical expenses in the future that are not ascertainable at this time. In addition to these injuries, Defendants' conduct has proximately caused Plaintiff to suffer pecuniary losses and lost employment opportunities in amounts not ascertainable at this time.

## COUNT FOUR

1. Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Paragraphs 1 through 18 of this Complaint, Count One, Count Two and Count Three as if specifically set forth herein.

2. The facts set out previously give rise to a cause of action for negligence per se because Amazon allowed this "quid pro quo" work environment to exist, which resulted in hostile work environment for Plaintiff. Amazon's conduct was so palpably contrary to the dictates of common prudence that it can be stated without hesitation or doubt that no careful company would have allowed such conduct to occur. Plaintiff has been thus, harmed by this conduct.

3. Defendants' conduct proximately caused the Plaintiff to suffer severe emotional distress, mental anguish, indignation, wounded pride, shame and despair, for which the Plaintiff has incurred medical expenses in an amount that is not ascertainable at this time and will incur medical expenses in the future that are not ascertainable at this time. In addition to these injuries, Defendants' conduct has proximately caused Plaintiff to suffer pecuniary losses and lost employment opportunities in amounts not ascertainable at this time.

## COUNT FIVE

1. Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Paragraphs 1 through 18 of this Complaint, Count One, Count Two, Count Three and Count Four as if specifically set forth herein.

2. The conduct of Mr. Lewis described in this complaint gives rise for a cause of action for defamation of character because the action of Mr. Lewis in publicly and falsely criticizing the Plaintiff's work habits adversely affected her work reputation and her ability to obtain other employment

3. Defendants' conduct proximately caused a smear on the work reputation of the Plaintiff,

which had been good prior to her rejection of Mr. Lewis' sexual advances and further caused her to suffer severe emotional distress, mental anguish, indignation, wounded pride, shame and despair, for which the Plaintiff has incurred medical expenses in an amount that is not ascertainable at this time and will incur medical expenses in the future that are not ascertainable at this time. In addition to these injuries, Defendants' conduct has proximately caused Plaintiff to suffer pecuniary losses and lost employment opportunities in amounts not ascertainable at this time.

**COUNT SIX**

1.     Plaintiff incorporates and alleges by reference all of the allegations as they are contained in Paragraphs 1 through 18 of this Complaint, Count One, Count Two, Count Three, Count Four and Count Five as if specifically set forth herein.

2.     The conduct of Mr. Lewis described in this complaint was willful and malicious so as to entitle the Plaintiff to recover punitive damages to punish Defendants and to deter such conduct in the future. Plaintiff will show that, as a result of Defendants' conduct, plaintiff has suffered loss of time and expenses, including reasonable attorney's fees incurred in this investigation and prosecution of this action. Accordingly, Plaintiff asks that punitive damages be awarded against Defendants in an amount greatly exceeding the minimum jurisdictional limits of this court.

**WHEREFORE**, your Plaintiff demands judgment of and against the Defendants, jointly and severally, in an amount to adequately compensate her for damages, plus interest, together with costs expended herein, including attorney fees, and punitive damages. Your Plaintiff further demands any such other, further and general relief as to this Honorable Court may deem mete and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

LACY STEVENS,
By Counsel.

Paul E. Biser - W.Va. Bar #7319
**FREDEKING & BISER LAW OFFICES**
511 Eighth Street
Huntington, West Virginia 25701
(304)525-7701

6



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 25311
02 4W          $ 006.16
0000336734 NOV 09 2018